UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FOR HOUSTON DIVISION

| UNITED STATES | REPLY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 USC 3582 (C)(1)(A)(i) IN LIGHT OF THE FIRST STEP ACT. DEC. 21ST, 2018 |
|---|---|
| V. | |
| ZACHARY LOUDD | CASE # 4-15-265 (4-15-265) |

United States Courts Southern District of Texas FILED JUN 12 2023 Nathan Ochsner, Clerk of Court

PETITIONER ZACHARY LOUDD PRO SE, REPLY MOTION FOR COMPASSIONATE RELEASE UNDER 18 USC 3582(C)(1)(A)(i) REPLIES TO GOVERNMENT COUNSEL AND THIS COURT TO HAVE THIS HONORABLE COURT ADJUDICATE PETITIONER'S MOTION BY GRANTING A COMPASSIONATE IMMEDIATELY-RELEASE, HALFWAY HOUSE, OR AT THE LEAST ONE (1) YEAR OF HOME CONFINEMENT BASED ON PETITIONER'S COLORABLE CLAIM DUE TO COVID-19, INTERVENING LAW CHANGES, AND THE TIME PETITIONER ALREADY SERVED.

PETITIONER NOW WILL ADDRESS THE GOVERNMENT RESPONSE MOTION IN PART. PETITIONER WILL NOT HOWEVER RESPOND TO EVERYTHING THE GOVERNMENT FILED, BECAUSE PETITIONER ASK THIS COURT TO NOT BE PERSUADED BY GOVERNMENT BRINGING UP PETITIONER'S CASE BECAUSE HE'S DOING HIS TIME FOR THE COURT GUILTY FINDINGS OF THAT MATTER.

PETITIONER ARGUES THAT THE GOVERNMENT SPENDS ALOT OF TIME TALKING ABOUT PETITIONER'S CASE, HOWEVER, PETITIONER ONLY HAVE ONE (1) FELONY ON HIS RECORD AND THE ASSAULTS THE GOVERNMENT SPEAKS ABOUT WAS AS WELL IS "MISDEMEANORS" AND THEY ARE NOT VIOLENT CRIMES.

PG 2 OF 7

MOREOVER, NO ONE IN PETITIONER'S CASE WAS HURT, NO BODILY HARM DONE, NOR DID ANYONE GET MURDERED.

PETITIONER GUN CHARGE WAS DISMISSED IN THIS CASE, HOWEVER, PETITIONER WAS ENHANCED 6 POINTS FOR A GUN AND PLED TO 18 USC 2 AIDING & ABETTING AFTER THE GUN WAS DROPPED IN THIS CASE. CLEARLY THAT'S PREJUDICE AND A MISCARRIAGE OF JUSTICE.

PETITIONER ARGUES THAT IT'S A SENTENCE DISPARITY BETWEEN PETITIONER AND HIS CO-DEFENDANTS WHO IS HOME NOW AND PETITIONER WAS LESS CULPABLE WHEN YOU COMPARE DEFENDANT'S ROLE IN THIS CASE. SEE, UNITED STATES V. SALLEY NO. 10-CR-0298 (D.MD. FEB 13th 2023)—

THE GOVERNMENT ALSO GOES TO GREAT LENGTHS WHEN THEY SAID THAT I WAIVED MY RIGHTS (ie, SEE PG 1-2 ON THE GOVERNMENT RESPONSE)... BUT "NO ONE" IN THIS COUNTRY PREDICTED THAT COVID-19 WOULD COME AND HAVE THE WHOLE WORLD IN A FRENZY BECAUSE OF CORONAVIRUS, AND THIS COURT SHOULD NOT BE PERSUADED BY THEIR ARGUMENT WHEN IT COMES TO THAT ISSUE BY GOVERNMENT COUNSEL.—

ALSO, THIS COURT SAID THAT I (PETITIONER) DIDN'T WAIVE MY RIGHTS. SEE, SENTENCING TRANSCRIPTS OF HONORABLE JUDGE MELINDA HARMON.

THIS PETITIONER WILL PUT FOURTH GENUINE MERIT OF HIS CASE FOR THIS COURT TO EXERCISE DISCRETION TO GRANT THIS COMPASSIONATE RELEASE MOTION. SEE, U.S. V. PEREZ-BAROCELA

2022 W.L. 2651965 @ 3 (S.D. TEX JULY 6th 2022) FURTHERMORE, THE GOVERNMENT ARGUES THAT PETITIONER MUST SHOW THAT COMPASSIONATE RELEASE IS CONSISTENT WITH THE APPLICABLE POLICY STATEMENTS FROM THE (UNITED STATES SENTENCING COMMISSION), BUT PETITIONER ARGUES THAT, UNDER THE INTERVENING LAW, THIS COURT IS NOT BOUND BY EITHER THE UNITED STATES SENTENCING COMMISSIONS, (ie, AS THE GOVERNMENT COUNSEL ARGUES IN THEIR RESPONSE @ PAGE 7 DOCUMENT 227) NOR THE BUREAU OF PRISON REGULATIONS. SEE, UNITED STATES v. McCOY 981 F.3d 271 (4th CIR 2020)...

THAT SAID, THIS COURT HAS THE AUTHORITY TO GRANT THIS PETITIONER COMPASSIONATE RELEASE ON ITS OWN TERMS WITHOUT FOLLOWING U.S. SENTENCING COMMISSION'S GUIDELINES, IF THIS PETITIONER CONVINCE THIS HONORABLE JUDGE/COURT TO EXERCISE DISCRETION TO GRANT PETITIONER MOTION AFTER CONSIDERING THE 3553(a) FACTORS. ID. SEE, UNITED STATES v. COOPER 996 F.3d 283 (5th CIR 2020)

ALTHOUGH PETITIONER IS ARGUING THIS MOTION PRO SE, HE KNOWS THAT THE GOVERNMENT COUNSEL ARGUMENT ON PAGE 7 IS INCORRECT ABOUT THE POLICY STATEMENT SET FOURTH IN U.S.S.G. 1B1.13 SEE, McCOY 981 F.3d 271 (4th Cir 2020)

THE CDC GUIDELINES ARE CLEAR AND CONSISE WHEN THEY SAID THAT PETITIONER'S MEDICAL CONDITIONS (eg, HEART MURMUR, ALSO, HYPERTENSION, ETC.) CLEARLY ARE UNDERLYING FACTORS THAT CAN/WILL CAUSE BODILY HARM AND/OR DEATH IF PETITIONER CATCH COVID-19 AGAIN...

(1) WE RECENTLY HAD TWO (2) DEATHS HERE AT USP-CANAAN DUE TO NEGLIGENCE OF THIS MEDICAL DEPARTMENT AS WELL AS OFFICERS STILL USING 4 POINT RESTRAINTS ON INMATES WHEN IT'S ILLEGAL NOW.

PETITIONER ALSO IS DIAGNOSED WITH SEIZURES, AND REGULARLY HAS SUDDEN ATTACKS COUPLED WITH ABNORMAL SOUNDS IN HIS HEART WHICH CAN CAUSE A HEART ATTACK IF PETITIONER CATCH COVID-19 AGAIN. SEE, CDC POLICY STATEMENTS AND THEIR GUIDELINES.

THE MEDICAL STAFF HERE AT U.S.P.-CANAAN IS QUESTIONABLE AT BEST WHEN IT COMES TO INMATES HEALTH CONCERNS.(1) ALL THAT WHAT THE GOVERNMENT COUNSEL IS ARGUING IN THEIR RESPONSE ON PAGE #10 FOOTNOTES (ie, WHICH IS DICTUM) IS FABRICATION BY THE GOVERNMENT. PETITIONER LIVES HERE TEMPORARY, AND WE HAVE NO TYPE OF HIGH STANDARDS OF THIS SANITATION IN THIS ENTIRE PRISON. THE PRISON AS A WHOLE HAS VERY POOR SANITATION, AND THAT IS WHY PETITIONER CAUGHT COVID-19 WHEN HE CAME TO U.S.P.-CANAAN. (NOWHERE ELSE BUT CANAAN).

THE GOVERNMENT COUNSEL ARGUES THAT WE'RE TESTED FOR SARS-COV-2 BUT THAT IS NOT TRUE. WE MUST WAIT "AT THE LEAST" 2 WEEKS TO BE SEEN FOR A SICK CALL SLIP WE PUT IN TO MEDICAL.

PETITIONER ARGUES THAT ALL IT TAKES IS FOR ONE (1) PERSON TO HAVE COVID-19, AND CURRENTLY THEIR ARE 6 INMATES THAT ARE POSITIVE, AND 1 STAFF THAT IS POSITIVE FOR COVID-19 AS OF FEBRUARY 13th 2023 AT THIS FACILITY. SEE, EXHIBIT ATTACHED HEREIN. LASTLY, NO ONE WEARS MASK'S AT THIS FACILITY AS GOV'T COUNSEL ARGUES @ FOOTNOTE ON DOC 227 PG. #10 ...

PETITIONER ARGUES THAT THE SPREAD OF COVID-19 IS STILL IN THIS PRISON CONTRARY TO WHAT GOV'T COUNSEL ARGUES ON PAGE 14 (DOC#227) OF ITS RESPONSE.

PETITIONER AGAIN ASK THIS HONORABLE COURT TO NOT BE PURSUADED BY THE GOVERNMENT COUNSEL ABOUT PETITIONER'S DISPLINARY RECORD. ALTHOUGH PETITIONER HAVE HAD SOME INFRACTIONS, THE RECORD IS TRUELY NOT THAT EGREGIOUS WHEN YOU LOOK AT THE TOTALITY OF ITS CIRCUMSTANCES. MOREOVER, THIS MOTION IS ABOUT PETITIONER'S HEALTH ISSUES AS OPPOSED TO THE DISPLINARY RECORD.

IN LIGHT OF THESE ARGUMENTS, THIS COURT MUST FIRST WEIGH THE FACTORS OF PETITIONER'S CASE (ie, IN WHICH PETITIONER ROLE WAS LESS CULPABLE) SET FORTH IN 3553(a) WHEN CONSIDERING A MOTION FOR COMPASSIONATE RELEASE. SEE, UNITED STATES v. SHKAMBI 993 F.3d (5th CIR 2021)

#1) PETITIONER'S ROLE WAS LESS CULPABLE THAN THE CO-DEFENDANTS, AND PETITIONER ONLY HAVE ONE (1) FELONY AS AN ADULT. MOREOVER, PETITIONER WAS NEVER A DANGER TO HIS COMMUNITY OR ANY OTHER COMMUNITY

#2) PETITIONER ACCEPTED THE SENTENCE THAT WAS IMPOSED ON HIM BY THIS COURT.

#3) PETITIONER PROMOTES RESPECT FOR THE LAW, AND WAS DETERRED FROM ANY MEANS OF CRIMINAL CONDUCT. PETITIONER COMPLETED EDUCATIONAL AND VOCATIONAL PROGRAMS.

#4) PETITIONER WILL GET EMPLOYMENT IF RELEASED AND HE WILL RESIDE AT THIS ADDRESS BELOW:


#5) PETITIONER IS MUCH OLDER NOW, AND DRAMATICALLY CHANGED HIS LIFE FOR THE BETTER.

#6) FINALLY, PETITIONER ARGUES THAT AIDING AND ABETTING A BANK ROBBERY AVERAGE SENTENCE IS LESS THAN 60 MONTHS INCARCERATION, HOWEVER, PETITIONER WAS SENTENCED TO 14 YEARS. IN WHICH IS DISPROPORTIONATE IF THIS PETITIONER WAS SENTENCED TODAY BASED ON THE NEW INTERVENING LAWS. SEE, UNITED STATES v. SALLEY NO. 10-CR-0298 (D.MD. FEB 13* 2023)

PETITIONER HAVE A SUPPORT SYSTEM THAT'S GOING TO SEND THIS HONORABLE COURT CHARACTER LETTERS TO FURTHER BOLSTER PETITIONER REHABILITATION EFFORTS AS A WHOLE.

THIS COURT SHOULD GRANT THIS PETITIONER COMPASSIONATE RELEASE MOTION 3582(c)(1)(A)(i) WITH TIME SERVED, THE HALFWAY HOUSE, OR ONE (1) YEAR OF HOME CONFINEMENT, OR WHATEVER THIS COURT DEEMS NECESSARY IN THIS MATTER.

PETITIONER HAS DEMONSTRATED TO THE COURT "EXTRAORDINARY AND COMPELLING" REASONS TO GRANT THIS REQUEST IN HIS FAVOR.

RESPECTFULLY SUBMITTED
ZACHARY LOUDD



(3d Cir. 2020) (taking note of the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

## CONDITIONS AT USP CANAAN[9]

### A. State of Vaccinations

Franklin is serving his sentence at USP Canaan, a high security United States Penitentiary with a minimum security camp. As of February 13, 2023, the BOP's COVID-19 website reflects that USP Canaan has a high rate of COVID-19 vaccinations (96% percent of the complex's inmates are fully inoculated - meaning the inmates have received the complete number of doses that their vaccine requires):

| | |
|---|---|
| Total Inmates at USP Canaan: | 1,359 |
| Fully Inoculated Inmates: | 1,306 |
| Fully Inoculated Staff: | 209 |

Franklin refused to receive the Pfizer-BioNTech COVID-19 vaccine in June 2022. *See* COVID-19 Vaccine Records, attached hereto as Exhibit 1.

### B. COVID-19 Conditions

As of February 13, 2023, the BOP's COVID-19 website reflected that USP Canaan, specifically, has been historically successful in controlling the spread of COVID-19, and the number of active cases among inmates and staff is currently very low:

| | |
|---|---|
| Inmates Currently Testing Positive: | 6 |
| Staff Currently Testing Positive: | 1 |

---

[9] The data in this section is available at https://www.bop.gov/coronavirus/ (last accessed on February 13, 2023). Doses may exceed distributions because some vials contain extra doses of the vaccine. Likewise, a facility's current cases may exceed its positive tests because the number includes inmates who tested positive before arriving at the facility.

# AFFIDAVIT

I ZACHARY LOUDD SOLEMNLY SWEAR UNDER THE PENALTIES OF PERJURY THAT THESE FOLLOWING WORDS IN THIS AFFIDAVIT ARE CORRECT AND TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

1) I AM THE DEFENDANT IN THIS CASE WHICH IS H-15-265 (4-15-265)

2) I MAILED THIS AFFIDAVIT AND REPLY MOTION TO THIS COURT ON JUNE 2nd, 2023

3) I ALSO MAILED OUT A SUPPLEMENTAL REPLY ON JUNE 2nd, 2023

SUBSCRIBED AND SWORN TO ME ON THIS 2nd DAY OF JUNE 2023

_____ Case Manager,
Authorized by the Act of July 7, 1955,
as amended, to administer oaths
(18 USC 4004)
USP Canaan

RESPECTFULLY
x _____
ZACHARY LOUDD

ZACHARY LOWD #87160-379
USP CANAAN
P.O. BOX 300
WAYMART, PA 18472

ATTN:
"LEGAL MAIL"

Bob Casey United Sta[tes]
Courthouse
515 Rusk St, Room 5[?]
Houston TX — 77002-2[6]





United States Courts
Southern District of Texas
FILED
JUN 12 2023
Nathan Ochsner, Clerk of Court

7022 3330 0001 4372 8403