TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

---

FROM: 87160379
TO: Five Duece, Hgc
SUBJECT: Comp' Rel' Reply
DATE: 05/30/2023 06:03:09 PM

United States Courts
Southern District of Texas
FILED

JUN 14 2023

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,

V.

ZACHARY LOUDD

CR. NO. H-15-265
HONORABLE MELINDA HARMON

/

---

### LOUDD'S NOTICE OF ADDITIONAL ISSUES AND REPLY TO GOVERNMENT'S RESPONSE FOR SENTENCING REDUCTION MOTION 18 U.S.C. 3582(C)(1)(A).

---

5/29/23

RESPECTFULLY SUBMITTED,

ZACHARY LOUDD
INMATE NO. 87160-379
P.O. BOX 300
WAYMART PA 18472

TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

---

FROM: 87160379
TO:
SUBJECT: p.2
DATE: 05/30/2023 05:58:19 PM

## I. NOTICE OF ADDITIONAL ISSUSES

Mr. Loudd presents the following additional issues that are extraordinary and compelling reasons for relief and or a sentencing reduction:

The combination of harsh prison condition due to the COVID-19 pandemic lock downs and restriction; the 168 months imposed sentence for bank robbery is grossly disproportionate with 106 months national average for Robbery; Mr. Loudd has been incarcerated more than 500 miles away from his home in Houston Texas which this has caused his family and friends a hardship to come and see him. He only had two visits the entire 8 years since being locked up; Mr. Loudd has a home and work plan upon release; Post conviction rehabilitation; And currently enrolled in programs that will help to promote cognitive skills . Stop the violence classes and VICTIM Impact to name a few.

Mr. Loudd askes for 60 days to file a supporting memorandum of law. But the facts and allegation is made by way of declaration under penalty of perjury.

p.2

TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

---

FROM: 87160379
TO:
SUBJECT: p.3
DATE: 05/30/2023 05:59:34 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

UNITED STATES OF AMERICA,

V.

ZACHARY LOUDD,
    DECLARANT
_____/

STATE OF PENNSYLVANNIA}
COUNTY OF WAYMART}

II ZACHARY LOUDD'S SUPPORTING DECLERATION UNDER PENALTY OF PERJURY 28 U.S.C. 1746

I Zachary Loudd state under penalty of perjury pursuant to 28 U.S.C. 1746, that the following paragraphs are true and correct to the best of my knowledge and belief:

A. HARSH PRISON CONDITION DUE TO THE COVID-19 PANDEMIC

1. By the time the COVID pandemic started in march of 2020 I was all ready locked down in the SMU unit at Thompson III. See Bop records.

2. The program is normally a nine months program. but because of the pandemic, most of all BOP transfers to a regular jail had stopped. This caused me to spend an additional 8 months after I had completed the program. So all together I spent about 17 months in the SMU program.

3. While at Thompson all inmates by policy are supposed to get 1 hour of fresh air and recreation every 24 hours. Because of the restriction this had come to an erupt halt. That is for nearly 60 days into the pandemic after March of 2020, I remained cramped in side the cell all day without no recreation or outside air. The records at USP Thompson will confirm this.

4. In addition immediately following the lock downs I was restricted from making Phone calls, emails, and the United States postal service was taking as long as 3- 4 weeks to deliver mail. So I was prohibited from immediately contacting my family, friends and love ones. I could not check up on their health nor could I up date them on mine. This left me and my family depressed and lots of anxiety. Because of my underlying

TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

------------------------------------------------------------------------------

during that time period.

p.3

B. Home plan upon release

5. Upon release I will be living with my mother in Houston Texas. You may contact her to verify this at 832-492-1641 (please seal this number).

C. MR. Loudd's TIME SPENT IN PRISON WAS MORE ONEROUS THAN THE AVERAGE INMATE DUE TO HIM BEING HOUSED MORE THAN 500 MILES AWAY FROM HOME.

6. Mr. Loudd was housed at USP Victorville which is 1578 miles away from home; USP Coleman which is 925 miles away from home; Thompson 1057 miles away from home; McCreary which is 969 miles away from home; and USP Canaan which is 1653 miles away from home. Since the 8 years that I have been locked up I only had two visits. Like my mother always says its too too far to travel. And it cost a lot of money.

D. Post conviction Conduct

7. Since 2015 the eight years that I have been locked down, I have truly learned my lesson in comitting crime. I cannot be there for my love ones. Since day one on this case I was quick to take full responsibility for my actions. I have completed My GED and a number of other course that's helpful once I am released. I am currently enrolled in a number of FSA classes and ACE classes.

8. I have signed up for stop the Violence and VICTIM impact. Also I have signed up for cognitive programs to help me with my thinking and to rehabilitate myself for any perceived violence in my disciplinary record. If given the opportunity for early release or a sentence reduction, I will repay this court's mercy by being a law abiding productive citizen. I WILL STAY OUT OF TROUBLE.

WHEREFORE, based on the foregoing the facts herein are true and correct to the best of my knowledge and belief.

Executed on 5/29/23

Zachary Loudd
87160-379
USP Canaan
P.O. Box 300
Waymart PA 18472

p.4

TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

---

FROM: 87160379
TO:
SUBJECT: p.4
DATE: 05/30/2023 06:01:08 PM

### III REPLY TO THE GOVERNMENT'S RESPONSE

The Government stated in its response "GR" : "as part of that plea agreement, the defendant knowingly waived his right to appeal the conviction and sentence pursuant to title 18 United States Code, 3742. . . . The defendant also waived the right to contest or "collaterally attack" the conviction and sentence by means of any post- conviction proceeding. GR at Pp. 2,18 Dkt# 227 (2/15/23).

Loudd's reply

---

Loudd object to the government asserting this waiver because it is not specific as to the compassionate release motion under 3582(c)(1)(A). Moreover the plea agreement was made in 2015 so the compassionate relief motion could never have been in contention for waiver since it was enacted in 2018. Surely the government does not want the court to apply this waiver that never specifically mentioned 3582.

Also the government wants this court to find that he waived this proceeding stating: "the defendant also waived the right to contest or "collaterally attack " the conviction and sentence by means of any post-conviction proceeding" GR at p. 2.

This conflicts with the plain language of the plea agreement and Mr. Loudd's understanding at that time about what he was specifically waiving. The plea agreement stated: "Defendant is also aware that title 28 United State Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final" p3 of Plea agreement Dkt#70 (11/06/15). Thus the plea agreement was only specific to 2255 post conviction proceedings. CF. United States v. Eidson, 2019 U.S. Dist. Lexis 134778 (W.D. Cal. Aug. 9, 2019) (Plea agreement clearly states: " agree not to file any collateral attack on my sentence including a petition under 2255,2241,3582" ) Unlike the instant case the plea agreement was not specific and this court should not hold Mr. Loudd to this waiver.

The government does not contest that Loudds rehabilitation in combination with other factors warrants a sentence reduction. Only stating that Mr. Loudd's institutional record while here at USP Canaan does not support his release. Since then Mr. Loudd have stayed out of trouble. He has enrolled in all sorts of cognitive behavior classes, Stop the violence classes and Victim impact just to name a few. He expects this to help him with coping with anger and

TRULINCS 87160379 - LOUDD, ZACHARY - Unit: CAA-D-B

---

Mr. Loudd also asks the court to take in to consideration the level of security prison that he's at here in USP Canaan.

Based on the above Mr. Loudd prays that you grant the appropriate relief.

p.5

### IV. Certificate of Service

I hereby certify that on May 29, 2023 I filed the foregoing document with the clerk of the court for the SDTX, and mailed a copy to the AUSAO: Richard D. Hanes, 1000 Louisiana ste 2300, Houston TX 77002 by placing the correct united States postage stamps on an envelope and placing the mail in USP Canaan's Mailbox.

Executed on May, 29, 2023.

Zachary Loudd
87160-379
USP Canaan
P.O.Box 300
Waymart PA 18472

p.6



Clerk of Court
Bob Casey United's
Courthouse
515 Rusk St. Rm#
Houston, TX 77002